Charles L. HUFFMAN, III, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 97–SC–734–KB.

Supreme Court of Kentucky.

Oct. 30, 1997.

R. Burl McCoy, Lexington, for Movant.

Bruce L. Davis, Executive Director, Barbara S. Rea, Kentucky Bar Association, Frankfort, for Respondent.

*OPINION AND ORDER*

This cause comes before the Court on the motion of Charles L. Huffman, III, formerly of Pike County, to resign from the Kentucky Bar Association (KBA) under terms of disbarment. The KBA has responded that it has no objection to this motion.

In 1994, while serving as District Judge of the thirty-fifth judicial district in Pike County, Huffman promised favorable treatment to a criminal defendant in exchange for drugs. Specifically, Huffman promised to "take care

of" the defendant's criminal sentence so that her sentence would be no greater than community service, and in return, the defendant was to provide Huffman with Loracet and Loratab (Schedule II controlled substances) as well as various other controlled substances. As a consequence of these actions, Huffman was charged with the felony offense of knowingly and willfully attempting to affect commerce by extortion in violation of 18 U.S.C. § 1951. Huffman pled guilty to this charge in U.S. District Court for the Eastern District of Kentucky on August 22, 1995. Huffman was automatically temporarily suspended from the practice of law pursuant to SCR 3.166 one day after his guilty plea was entered.

In March of 1996, the Inquiry Tribunal of the KBA charged Huffman with one count of professional misconduct in violation of SCR 3.130–8.3(b). Upon the foregoing facts and charge, it is ordered that Huffman's motion to resign from the KBA under terms of disbarment is granted. It is further ordered that:

1. Charles L. Huffman, III shall not be allowed to engage in the practice of law, as defined in SCR 3.020, in the Commonwealth of Kentucky until such time as this Court enters an order reinstating his membership in the Kentucky Bar Association.

2. Charles L. Huffman, III shall not file an application for reinstatement until expiration of a period of five (5) years after the entry of this order.

3. Any application for reinstatement filed by movant shall be governed by SCR 3.520, "Reinstatement in case of disbarment," or any subsequent amendment to SCR 3.520.

4. All disciplinary proceedings against Charles L. Huffman, III shall be terminated and the costs thereof ($15.39) shall be paid by movant in accordance with SCR 3.450(1) and SCR 3.480(3).

5. Charles L. Huffman, III shall comply with the provisions of SCR 3.390 by promptly notifying all courts in which he has matters pending and all clients for whom he is actively involved in litigation and other similar matters of his inability to continue to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the entry of this order, and movant shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association. Movant shall promptly return all active files to his clients.

All concur.

ENTERED: October 30, 1997.

/s/ Robert F. Stephens
Chief Justice